CASE NO. 23-4600

PUBLIC

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

EGHOSASERE AVBORAYE-IGBINEDION,

*Defendant-Appellant.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

———————————

**OPENING BRIEF OF APPELLANT - PUBLIC (Redacted)**

———————————

Alfred Guillaume III
LAW OFFICES OF ALFRED GUILLAUME III
6305 Ivy Lane
Suite 700
Greenbelt, MD 20770
202-321-0549
ag3law@gmail.com

*Counsel for Appellant*

**LANTAGNE LEGAL PRINTING**
1108 East Main Street, Suite 1201 • Richmond, VA 23219 • 804-644-0477

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

JURISDICTIONAL STATEMENT ........................................................................1

ISSUE PRESENTED FOR REVIEW .....................................................................2

STATEMENT OF THE CASE AND FACTS .......................................................3

SUMMARY OF THE ARGUMENT ......................................................................5

ARGUMENT ............................................................................................................5

    I.    The district court erred when it applied a 16-level enhancement pursuant to §2B1.1 ..........................................................................................5

        A.    Standard of Review ................................................................................5

        B.    The government did not establish that the loss amount attributed to Mr. Igbinedion exceeded 1.5 million dollars .................5

        C.    The government failed to establish that Mr. Igbinedion remained a member of the conspiracy after his February 2019 arrest ........................................................................................................8

CONCLUSION .......................................................................................................11

NO REQUEST FOR ORAL ARGUMENT ..........................................................11

CERTIFICATE OF SERVICE ...............................................................................12

# TABLE OF AUTHORITIES

## Cases

*United States v. Allmendinger*,
  706 F.3d 330 (4th Cir. 2013) ............................................................................... 8

*United States v. Jones*,
  308 F.3d 425 (4th Cir. 2002) ............................................................................... 5

*United States v. Photogrammetric Data Services*,
  259 F.3d 229 (4th Cir. 2001) ............................................................................... 7

## Statutes

18 U.S.C. § 1341 ................................................................................................. 1, 3
18 U.S.C. § 1349 ................................................................................................. 1, 3
18 U.S.C. § 3231 ..................................................................................................... 1
18 U.S.C. § 3742 ..................................................................................................... 1
28 U.S.C. § 1291 ..................................................................................................... 1

## United States Sentencing Guidelines

U.S.S.G. §2B1.1 ...................................................................................................... 5

# JURISDICTIONAL STATEMENT

On March 31, 2022, a grand jury in the District of Maryland returned a seven-count indictment against Eghosasere Avboraye-Igbinedion, charging him with Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. §1349; and six substantive counts of Mail Fraud, in violation of 18 U.S.C. §1341. The United States District Court for the District of Maryland was a court of original subject matter jurisdiction pursuant to 18 U.S.C. §3231. The United States Court of Appeals for the Fourth Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. §1291 and 18 U.S.C. §3742.

## ISSUE PRESENTED FOR REVIEW

I.     Whether the district court erred when it determined that the loss amount foreseeable to Mr. Igbinedion was more than 1.5 million dollars but less than 3.5 million dollars?

## **STATEMENT OF THE CASE AND FACTS**

Mr. Igbinedion was charged in a first superseding indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. §1349 (count one); and six substantive counts of mail fraud, in violation of 18 U.S.C. §1341 (counts two through seven. JA21-28. The government dismissed Counts two and three prior to the start of trial.

Mr. Igbinedion pleaded not guilty and proceeded to trial. The government argued that Mr. Igbinedion participated in a conspiracy to defraud elderly persons. JA281. The modus operandi of the conspiracy was to call the elderly person by phone, pretend to be a grandchild in legal trouble, and convince the elderly person to mail a package with cash to an address. JA280. A member of the conspiracy would later retrieve the package of cash from the address. JA283. Members in the conspiracy scouted certain addresses where packages could be mailed. JA284. The conspiracy operated in and used the addresses of homes in Baltimore, Philadelphia, Delaware, New Jersey, and Florida. JA285. The conspiracy utilized tracking records of FedEx and UPS to monitor the packages so that they could be retrieved as soon as they were delivered. JA285. Mr. Igbinedion played multiple roles in the conspiracy, eventually becoming a manager entrusted to deliver the ill-gotten proceeds to a New York City jewelry store where the money could be laundered. JA285-286.

3

Mr. Igbinedion's counsel did not deny that elderly persons were defrauded but disputed the extent of his client's involvement in the conspiracy. JA290.

Twelve government witnesses testified that they were the victims of a similar fraud. Each witness testified that they were directed by a caller, later discovered by them to be an imposter, to send cash in the mail to an address. Each witness believed the money would be used to help a family member in legal trouble. Six cooperating witnesses each admitted their involvement in the conspiracy and testified as to their interactions with Mr. Igbinedion during its the conspiracy's existence.

David Green, the government's main cooperating witness, testified that he became involved in the conspiracy in August 2018. JA326. Mr. Green filled various roles in the conspiracy, including picking up packages, scouting addresses, counting money, and delivering large amounts of money to New York City. JA329, JA361. Mr. Green testified that he became aware of the nature of the conspiracy in February 2019, after Mr. Igbinedion and two other co-conspirators were arrested in Florida. JA377. Mr. Green continued to be a member of the conspiracy until his arrest in Delaware in March 2019. JA380, JA383.

In its closing argument, the government argued that Mr. Igbinedion was involved in the conspiracy as late as March 2019 and beyond. JA929. The

4

defense asserted that Mr. Igbinedion ceased to be a member of the conspiracy after he was arrested in Florida in February 2019. JA950, JA955-956.

At the conclusion of the six-day jury trial, the jury returned a verdict of guilty as to all counts against Mr. Igbinedion. JA980-981.

At sentencing, the Court determined that the loss amount foreseeable to Mr. Igbinedion was more than 1.5 million dollars but less than 3.5 million dollars. JA1083.

## SUMMARY OF THE ARGUMENT

The district court erred when it determined that the loss amount foreseeable to Mr. Igbinedion was more than 1.5 million dollars but less than 3.5 million dollars. The government did not prove by a preponderance of the evidence that Mr. Igbinedion continued being a member of the conspiracy after February 2019.

## ARGUMENT

**I.    The district court erred when it applied a 16-level enhancement pursuant to §2B1.1.**

**A. Standard of Review**

"An appellate court reviews a district court's interpretation and application of the U.S. Sentencing Guidelines Manual De Novo." *United States v. Jones*, 308 F.3d 425 (4th Cir. 2002)

**B. The government did not establish that the loss amount attributed to Mr. Igbinedion exceeded 1.5 million dollars.**

Section 2B1.1 of the United Sentencing Guidelines sets forth the specific

5

offense characteristics needed to enhance an offense level. In this case, the district court determined that a 16-level enhancement was appropriate. ▌

▌

▌

▌

▌

▌

The combined monetary losses of the twelve witnesses that testified at trial did not establish the Guideline range used by the district court at sentencing. Prior to the sentencing hearing, the government provided a spreadsheet with the names of the victims of the mail fraud conspiracy and their alleged monetary losses. JA1053-1055. However, the spreadsheet did not provide any dates of the alleged losses, or otherwise show how those losses were foreseeable to Mr. Igbinedion. Moreover, the jury did not make any special finding as to a loss amount it believed could be attributed to Mr. Igbinedion. Simply put, neither the government spreadsheet nor any other evidence at sentencing, provided the Court with sufficient information to determine whether the losses asserted were reasonably foreseeable to Mr. Igbinedion.

6

In *United States v. Photogrammetric Data Services*, 259 F.3d 229 (4th Cir. 2001), this Court explained "that sentencing factors, including those that affect the sentencing range within the statutory maximum, should not be permitted to be found by a preponderance of the evidence in the extraordinary case where the factors can be said to be the tail which wags the dog of the substantive offense." (internal citations omitted). In *Photogrammetric*, this Court upheld the sentence and the guideline increase imposed by the district court. *Id*. at 259. However, a distinction between *Photogrammetric* and the instant case is the quality of the evidence at sentencing. In *Photogrammetric*, the sentencing enhancement was based on more substantive evidence, namely the admission of a witness who provided specific figures over a period of years, along with the records reviewed by the investigating agent. *Id*. at 256-57. In the instant case, the government simply provided a sheet of names, with alleged monetary losses with no dates or other corroboration to provide any context to determine whether the losses were foreseeable to Mr. Igbinedion.

At sentencing, the district court did not require the government to provide any further documentation as to the dates of the losses, or more importantly, whether the losses were foreseeable to Mr. Igbinedion. JA1081. Instead, the court simply accepted the information provided by the government in its spreadsheet, without requiring any further confirmation. JA1083. Therefore, this

7

Court must order that Mr. Igbinedion be resentenced, and the government must provide sufficient evidence to prove that the loss amount was foreseeable, and the sixteen-level sentencing enhancement was appropriate.

### C. The government failed to establish that Mr. Igbinedion remained a member of the conspiracy after his February 2019 arrest.

Even assuming, for purposes of this argument only, the government spreadsheet is an acceptable method of providing evidence of the loss amount calculation, the government failed to prove that Mr. Igbinedion remained a member of the conspiracy after February 2019. Therefore, many of the monetary losses reflected in the spreadsheet would not be foreseeable to Mr. Igbinedion.

According to the government theory of the case, Mr. Igbinedion remained a member of the conspiracy from May 7, 2018, until August 2019. JA1079. Igbinedion's defense counsel maintained that his client's involvement ceased after he was arrested in February 2019. JA1076.

In *United States v. Allmendinger*, 706 F.3d 330, 341 (4th Cir. 2013), this Court found that the defendant was the principal architect of a fraudulent investment scheme and that he and his co-conspirators actively lied to investors about the financial soundness of his company and other investment related matters. *Id*. at 341. This Court held that the losses suffered by investors in his company were foreseeable to the defendant even after he sold the business because he knew that it would continue to operate in the same illegal fashion after his departure. *Id*.

8

In the instant case, the government did not offer sufficient evidence to prove that Mr. Igbinedion continued to participate in the conspiracy after his arrest in Florida in February 2019. Although David Green testified that he believed Mr. Igbindedion continued to be a member of the conspiracy after his February 2019 arrest, the evidence presented at trial did not support that belief. JA380. For example, the only evidence offered by the government of Mr. Igbinedion's continued membership in the conspiracy after February 2019, was a text message conversation between he (Igbinedion) and David Green from March 2019, and a related money order from Western Union. JA381-382, JA974-979. However, unlike his other testimony, Mr. Green did not testify that those exhibits were evidence of the conspiracy. Put another way, the government did not ask Green to confirm whether those exhibits were evidence of the fraud he and Mr. Igbinedion perpetuated. Instead, the government chose to wait until closing argument to argue that the text and money order were another example of Mr. Igbinedion's participation in the conspiracy, without any corroboration. JA929-930.

No other cooperating witness testified that Mr. Igbinedion continued to be a member of the conspiracy after his February 2019 arrest. Notably, Amaya English, a top member the conspiracy, testified that David Green worked most closely with McArnold Charlemagne, another member of the conspiracy, as opposed to Mr Igbinedion. JA713. Presumably, Mr. Green would not be aware of whether Mr.

9

Igbinedion continued to be a member of the conspiracy after he (Igbinedion) was arrested in February. Ms. English testified that she *believed* Mr. Igbinedion continued to work in the conspiracy after his arrest in Florida. JA719. However, her testimony did not provide a specific time frame or any details of Mr. Igbinedion's alleged involvement. Ms. English testified that at one point, she even ceased participating in the conspiracy. JA719-720. Notably, she testified that in August 2019, when she was active in the conspiracy, she personally picked up a package because "nobody else was available." JA720. Even in the light most favorable to the government, Ms. English's testimony suggests that she was not privy to the details of the conspiracy when Mr. Igbinedion was arrested, to know exactly what role if any, he had during that time, and by August 2019, it appeared that Mr. Igbinedion had ceased participating in the conspiracy at some date unknown to her.

    Simply put, the evidence at trial was insufficient to prove that Mr. Igbinedion remained a member of the conspiracy after his February 2019 arrest. Therefore, this Court must order that Mr. Igbinedion be resentenced, and that the government must prove by a preponderance of the evidence that the loss amount in the spreadsheet were foreseeable to Mr. Igbinedion,

10

## CONCLUSION

For all reasons argued above, Eghosasere Avboraye-Igbinedion must be resentenced. The government did not prove by a preponderance of the evidence that the loss amount of more than1.5 million dollars, but less than 3.5 million dollars, was foreseeable to Mr. Igbinedion.

## NO REQUEST FOR ORAL ARGUMENT

The Appellant does not request oral argument on the matters presented in this appeal.

*s/ Alfred Guillaume III*
Alfred Guillaume III, Esq.
Law Offices of Alfred Guillaume III, LLC
6305 Ivy Ln., Suite 700
Greenbelt, MD 20070
(202)-321-0549
*For Appellant Eghosasere Avboraye-Igbinedion*

# **CERTIFICATE OF SERVICE**

I certify that, on February 2, 2024, I electronically filed the foregoing Opening Brief of Appellant with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

I further certify, that on February 2, 2024, I served the Sealed version of the foregoing brief, via USPS, on counsel listed below:

> Christine Oi Jyn Goo
> Sean R. Delaney
> OFFICE OF THE U.S. ATTORNEY
> 36 South Charles Street
> 4th Floor
> Baltimore, MD 21201

*s/ Alfred Guillaume III*
Alfred Guillaume III, Esq.
